UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME SUEING,

    Petitioner,

v.

CARMEN PALMER,

    Respondent.
_____/

Case No. 1:08-cv-932

HON. JANET T. NEFF

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

    I.    Factual allegations

Petitioner is incarcerated in the Deerfield Correctional Facility. Petitioner was convicted of indecent exposure in the Kent County Circuit Court. On January 18, 2006, the trial court sentenced him to imprisonment of five to eight years. Petitioner's appointed appellate counsel raised one claim on direct appeal. Petitioner filed a Pro Se supplemental brief raising five additional claims of error. The Michigan Court of Appeals issued an unpublished opinion on August 16, 2007, affirming Petitioner's conviction. Petitioner attempted to file a Pro Se motion for reconsideration in the Michigan Court of Appeals claiming that there were three additional errors committed at trial that were not raised on direct appeal. The clerk of the court of appeals rejected Petitioner's motion for reconsideration on the ground that a criminal defendant represented by counsel on appeal may file only a Pro Se supplemental brief. The Michigan Supreme Court denied Petitioner's application for leave to appeal on January 8, 2008. Petitioner subsequently filed a petition for writ of certiorari in the United States Supreme Court. The Supreme Court denied his petition on March 17, 2008, and his request for rehearing on April 28, 2008.

Petitioner now raises the following eight grounds for habeas corpus relief:

    I.    WHETHER THE TRIAL COURT DENIED MR. SUEING HIS CONSTITUTIONAL RIGHT TO COUNSEL AT "CRITICAL-STAGES" OF THE PROSECUTION WHERE THERE WAS NO VALID WAIVER OF COUNSEL.

    II.    WHETHER DENIAL OF DEFENDANT'S REQUEST TO RECALL WITNESSES FOR FURTHER EXAMINATION DEPRIVED DEFENDANT OF HIS SIXTH AMENDMENT RIGHT TO CONFRONT AND CROSS EXAMINE HIS ACCUSER AT TRIAL.

    III.    WHETHER THE TRIAL COURT ERRED BY DENYING DEFENDANT'S REQUEST FOR A CORPORAL "LINEUP" PRIOR TO HIS PRELIMINARY EXAMINATION.

    IV.    DEFENDANT WAS ENTITLED TO A NEW TRIAL WHERE HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL.

    V.    DEFENDANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT OF ACCESS TO THE COURTS WHERE THE KENT COUNTY CORRECTIONAL FACILITY DENIED HIS MANY REQUESTS FOR ACCESS TO THE LAW LIBRARY AND NECESSARY LEGAL MATERIALS IN ORDER TO ALLOW HIM TO PROPERLY ASSIST IN HIS DEFENSE WHEN HE HAD COUNSEL AND DEPRIVED HIM OF HIS CONSTITUTIONAL RIGHT TO PREPARE A DEFENSE AND PROPERLY REPRESENT HIMSELF AT TRIAL.

    VI.    DEFENDANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO SET FORTH A DEFENSE BY TRIAL COUNSEL'S FAILURE TO SUBPOENA AN "IDENTIFICATION" EXPERT TO TESTIFY AT HIS TRIAL.

    VII.    THE DEFENDANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO COUNSEL AT A "CRITICAL-STAGE" OF THE PROCEEDINGS WHEN THE COURT HAD DEFENDANT "TELL HIS SIDE OF THE STORY" IN A NARRATIVE FASHION [RATHER] THAN THROUGH EXAMINATION BY COUNSEL.

    VIII.    THE PROCESS USED TO ALLOCATE PROSPECTIVE JURORS FROM A MASTER SOURCE LIST TO THE CIRCUIT COURT VENIRES VIOLATED DEFENDANT'S SIXTH AMENDMENT GUARANTEE OF AN IMPARTIAL JURY DRAWN FROM A FAIR CROSS-SECTION OF THE COMMUNITY.

    II.    <u>Exhaustion of State Court Remedies</u>

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal

claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). According to the petition, his first claim regarding whether there was a valid waiver of counsel was raised in his direct appeal before the Michigan Court of Appeals and the Michigan Supreme Court; therefore, Petitioner's first ground for relief is exhausted.

Petitioner raised grounds two, three and five in a supplemental Pro Se brief filed in the Michigan Court of Appeals. Petitioner also presented them in his application for leave to appeal in the Michigan Supreme Court. Consequently, his second, third and fifth grounds for habeas corpus relief are exhausted.

Petitioner also raised his fourth ground for habeas corpus relief in his supplemental Pro Se brief in the Michigan Court of Appeals. However, while Petitioner asserted the ineffective assistance of trial counsel in his direct appeal, it appears that Petitioner raises instances of ineffective assistance of counsel in his habeas corpus petition that were not raised in the Michigan Court of Appeals. In their unpublished opinion, the Michigan Court of Appeals addressed four alleged instances of ineffective assistance of counsel. In his habeas petition, Petitioner raises fifteen alleged instances of ineffective assistance of counsel. The doctrine of exhaustion requires that a claim be

presented to the state courts under the same theory in which it is later presented in federal court. *See Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir.1987); *Prather*, 822 F.2d at 1421. Thus, Petitioner failed to exhaust his state-court remedies as to those instances of ineffective assistance of counsel that were not specifically raised in the Michigan Court of Appeals. *See Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (holding that petitioner failed to exhaust his second ineffective assistance of counsel claim when it rested on a theory that was separate and distinct from the one previously considered and rejected in state court).[1]

Assuming Petitioner raised all of the instances of ineffective assistance of counsel in the Michigan Supreme Court, he still fails to satisfy the exhaustion requirement. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit holds that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-

---

[1] This Court notes that all of the alleged instances of ineffective assistance clearly raised in Petitioner's supplemental brief in the Michigan Court of Appeals are exhausted, regardless of whether they were addressed in court of appeals' opinion. "Exhaustion does not require a state court adjudication on the merits of the claim at issue." *Clinkscale v. Carter*, 375 F.3d 430, 438 (6th Cir. 2004); *See also Smith v. Digmon*, 434 U.S. 332, 333 (1978) ("It is too obvious to merit extended discussion that whether the exhaustion requirement of 28 U.S.C. § 2254(b) has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the state court....").

70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990); *but see Ashbaugh v. Gundy*, 244, F. App'x 715, 717 (6th Cir. 2007) (declining to reach question of whether a claim raised for the first time in an application for leave to appeal to the Michigan Supreme Court is exhausted). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and, thus, the issues were not reviewed. Consequently, Petitioner exhausted only those instances of ineffective assistance of counsel their were raised on direct appeal in the Michigan Court of Appeals and the Michigan Supreme Court.

Petitioner claims that he raised his sixth and seventh grounds for relief for the first time in the motion for reconsideration that he attempted to file in the Michigan Court of Appeals. The motion was rejected on the ground that a criminal defendant represented by counsel may file only a Pro Se supplemental brief. Because Petitioner attempted to raise the claim in a manner not permitted by state procedural rules, it was not "fairly presented" in the court of appeals. *See Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994), *citing Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). Petitioner also raised his sixth and seventh claims in the Michigan Supreme Court. However, as discussed above, presentation of an issue for the first time on discretionary review in the Michigan Supreme Court does not fulfill the exhaustion requirement. *Castille*, 489 U.S. at 351. Therefore, Petitioner failed to exhaust his state court remedies with regard to his sixth and seventh grounds for habeas corpus relief.

With regard to his eighth ground for relief, Petitioner claims that he "argued" the issue in his supplemental brief on appeal, but admits that he did not "'[f]rame' a question to this argument."

(Supp., at 27, docket #1-2.) In other words, Petitioner touched on the issue in his brief, but did not include the issue in the statement of questions involved. Under MICH. CT. R. 7.212(C)(5), an appellant is required to include a statement of the questions involved in his brief. An issue that is not specifically included in the statement of questions involved is deemed abandoned under Michigan law. *See Ypsilanti Fire Marshal v. Kircher (On Reconsideration)*, 730 N.W.2d 481, 516 (Mich. Ct. App. 2007). Because Petitioner presented his claim in a procedurally improper manner, it was not fairly presented in the Michigan Court of Appeals. *See Alderman*, 22 F.3d at 1549. Furthermore, presentation of the issue for the first time in the Michigan Supreme Court was not sufficient to satisfy the exhaustion requirement. *See Castille*, 489 U.S. at 351. Petitioner, therefore, failed to exhaust his state court-remedies with regard to his eighth ground for habeas relief.

An applicant has not exhausted available state court remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that Petitioner can raise his unexhausted claims in a motion for relief from judgment.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often

effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." After Petitioner unsuccessfully appealed his conviction in the Michigan appellate courts, he petitioned for a writ of certiorari in the United States Supreme Court. The Supreme Court denied his petition on March 17, 2008, and his request for rehearing on April 28, 2008. Absent tolling, Petitioner would have one year, until April 28, 2009**,** in which to file his habeas petition.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*). The statute of limitations will be

tolled while Petitioner's motion for relief from judgment is pending in the state courts. *See* 28 U.S.C. § 2244(d)(2) (The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.") Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Plaintiff decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under

Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated: October 31, 2008                             /s/ Janet T. Neff
                                                    JANET T. NEFF
                                                    United States District Judge